UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| BENJAMIN CRAIG | CIVIL ACTION 3:17-CV-01005 |
| VERSUS | JUDGE HICKS |
| CENTURYLINK INC., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Potential class plaintiffs filed Motions to Consolidate (Docs. 25, 26, 28, 29) similar cases against Defendant CenturyLink, Inc. and related Defendants for violations of the Securities Exchange Act of 1934. For the following reasons the Motions to Consolidate (Docs. 25, 26, 28, 29) are GRANTED.

### I. Background

Before the Court is a complaint filed pursuant to the Securities Exchange Act of 1934 (15 U.S.C. § 78aa, *et seq.*) by Plaintiff Benjamin Craig ("Craig"), individually and on behalf of all others similarly situated. The named Defendants are CenturyLink, Inc. ("CenturyLink") (its common stock is traded on the New York Stock Exchange ("NYSE")), Glen F. Post III ("Post") (the CEO and President of CenturyLink Inc. at all relevant times), and R. Stewart Ewing, Jr. ("Ewing") (CFO, Executive Vice President, and Assistant Secretary of CenturyLink Inc. at all relevant times).

Craig alleges a federal securities class action on behalf of all investors who purchased or otherwise acquired CenturyLink common stock between March 1, 2013 and June 16, 2017 (the "Class Period"). Craig alleges that CenturyLink publicly

issued materially false and misleading statements and omitted material facts regarding its compliance with applicable laws and regulations, causing its stock prices to artificially inflate. Craig alleges that he and other investors suffered significant losses and damages when the truth as to CenturyLink's unlawful business practices emerged and its stock prices fell.

Craig seeks certification of the class action, appointment of himself as class representative, appointment of his attorney as lead counsel, a jury trial, compensatory damages, costs (including expert fees), attorney fees, and injunctive relief.

This case was originally filed in the Southern District of New York (Doc. 1). On stipulation of the parties and a finding that the case could have originally been brought in the Western District of Louisiana, Monroe Division, the case was ordered transferred to the Western District of Louisiana (Doc. 8).

A related stockholder suit, Scott v. CenturyLink, No. 17-1033 (W.D. La.) ("Scott"), was filed in the United States District Court for the Western District of Louisiana, Monroe Division. That case is also a federal securities class action on behalf of all persons and entities who purchased or otherwise acquired CenturyLink securities between March 1, 2013 and June 19, 2017. In Scott, Plaintiff Don J. Scott ("Scott") named as Defendants CenturyLink, Post, Ewing, and David D. Cole ("Cole"). Scott also seeks certification of his suit as a class action, appointment of Scott as class representative, appointment of Scott's counsel as Class Counsel, damages, costs, attorney fees, and injunctive relief (Doc. 1).

Two other stockholder suits have been filed against CenturyLink in the Western District of Louisiana (Monroe Division): Thummeti v. CenturyLink, et al., 3:17-cv-01065 (W.D. La.); Barbree, et al. v. Bejar, et al., No. 3:17-cv-01177 (W.D. La.). Barbree has since been voluntarily dismissed (Barbree, No. 3:17-cv-01177, Doc. 3). Thus, to date, there are three stockholder actions against CenturyLink in the Western District of Louisiana.

In August 2017, KBC Asset Management NV ("KBC"), a potential class plaintiff, filed a "Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel" (Doc. 25). KBC asked the Court to consolidate the Craig and Scott cases.

Similar motions were filed by other potential class plaintiffs, the Police and Fire Retirement System of the City of Detroit, and the Laborer's Pension Trust Fund–Detroit and Vicinity (Doc. 26), the State of Oregon (Doc. 28), and Amalgamated Bank, as Trustee for the Long View Collective Investment Fund (Doc. 29).

II. Law and Analysis

According to 15 U.S.C. § 78u4(a)(3)(B)(ii), "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate

plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph."

Consolidation of cases is governed by Fed. R. Civ. P. 42(a), which states:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

The Fifth Circuit has urged district judges "to make good use of Rule 42(a) in order to expedite . . . trial and eliminate unnecessary repetition and confusion," even when opposed by the parties. In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973)); see also Parker v. Hyperdynamics Corp., 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015). Consolidation is permitted "as a matter of convenience and economy in administration," Shafer v. Army & Air Force Exch. Serv., 376 F.3d 386, 394 (5th Cir. 2004), op. clarified, 2004 WL 2107672 (5th Cir. 2004) (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496 (1933)), though not "if it would prejudice the rights of the parties," St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc., 712 F.2d 978, 989 (5th Cir. 1983), cert. den., 466 U.S. 970 (1984).

There are five factors to consider in determining whether consolidation is appropriate: (1) same court; (2) common parties; (3) common questions of law or fact; (4) risk of prejudice or confusion versus risk of inconsistent adjudications; and (5) judicial economy. Frazier v. Garrison I.S.D., 980 F.2d 1514, 1531 (5th Cir. 1993); Parker, 126 F. Supp. 3d at 835.

First, all three cases are in the same court, the United States District Court for the Western District of Louisiana, Monroe Division. Second, all of the plaintiffs are CenturyLink stockholders. The cases involve the same core Defendants: CenturyLink, Post, and Ewing. Scott v. CenturyLink, No. 3:17-1033 names one additional defendant, Cole, an Executive Vice President of CenturyLink. Third, all three cases involve common questions of law or fact (they allege similar complaints) – whether Defendants fraudulently inflated their stock prices to the detriment of Plaintiff stockholders, in violation of the Securities Exchange Act of 1934. Fourth, there is little risk of confusion between the different Plaintiff stockholders, but there is a risk of inconsistent adjudications in different courts. Finally, it would clearly be more economical to decide all three cases together than to do so separately, since they all involve the same issues of law and fact. All relevant factors favor consolidation

## III. Order

Accordingly, IT IS ORDERED that Movants' Motions to Consolidate (Docs. 25, 26, 28, 29) are GRANTED and the following cases are consolidated: Craig v. CenturyLink, No. 17-1005 (LEAD CASE); Scott v. CenturyLink, No. 17-1033; Thummeti v. CenturyLink, No. 17-1065.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 19th day of October, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge